UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALCOLM COBB, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00703-SEB-MJD ) |
| ARAMARK FOOD CO., | ) ) |
| Defendant. | ) |

**Entry Denying Plaintiff's Motion to Amend Complaint**

Plaintiff commenced this action in state court against defendant "Aramark Food Co.," correctly identified as Aramark Correctional Services, LLC, on January 31, 2017, for injuries he sustained when he slipped in water and fractured his ankle while working as an inmate-employee in the kitchen at the Pendleton Correctional Facility in Indiana. He asserted claims for negligence. Defendant, a Delaware corporation with its principal place of business in Pennsylvania, removed the case to this Court on March 8, 2017, pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Defendant answered on March 28, 2017. Plaintiff filed his motion to file an amended complaint on April 20, 2017. Pursuant to Fed R. Civ. P. 15(a)(2), plaintiff's proposed amended complaint requires the consent of the opposing party or leave of court.

Plaintiff's proposed amended complaint seeks to add three defendants, all supervisors for Aramark Correctional Services, LLC, alleging they, with Aramark, violated his Eighth Amendment right to be free from cruel and unusual punishment. He asserts these claims under 42 U.S.C. § 1983 and asks for actual and punitive damages. However, he makes no particularized allegation against any of the proposed defendants, other than asserting they were responsible for

training and supervising the inmate workforce, and providing a safe workplace. Plaintiff alleged these defendants deliberately did not require inmates to adhere to workforce safety rules.

A cause of action is provided by section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). The initial step in any section 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 489–90 (7th Cir. 1997).

There is no plausible basis to conclude that plaintiff's constitutional rights were violated. Slippery floors, without substantially more egregious personal conduct, do not constitute a hazardous condition of confinement that invokes constitutional concerns. *Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) (holding that slip-and-fall accidents almost never give rise to constitutional claims); *see also Coleman v. Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding sua sponte dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (reasoning that, even if shackled inmate

might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment") (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)). Plaintiff's allegations do not present an extraordinary scenario of facts to bring the slip-and-fall accident to a constitutional violation.

"The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow [amended complaints] unless there is a good reason – futility, undue delay, undue prejudice, or bad faith – for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "District courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) (internal quotation omitted). Here, it would be futile to grant plaintiff's motion to file an amended complaint because its section 1983 claims cannot proceed. This action shall proceed against Aramark Correctional Services, LLC, as plead in the January 31, 2017 complaint. The motion to amend, dkt. [7], is **denied.**

    **IT IS SO ORDERED**.

Date: \_\_\_5/17/2017_____

                                    SARAH EVANS BARKER, JUDGE
                                    United States District Court
                                    Southern District of Indiana

Distribution:

Electronically Registered Counsel

Malcolm Cobb, Jr.
231767
Pendleton Correctional Facility
Inmate Mail/Parcels

4490 West Reformatory Road
Pendleton, IN 46064